## (February 17, 1964)

■ JAMES CONLON, Appellant, v. STANLEY ANDREOU, Respondent.— In an action to recover damages for injury to person and property, plaintiff appeals from an order of the Supreme Court, Kings County, dated December 3, 1962, which granted defendant's motion to dismiss the complaint for lack of prosecution (former Civ. Prac. Act, § 181; former Rules Civ Prac., rule 156; cf. CPLR 3216). Order affirmed, without costs. In our opinion, plaintiff failed to explain the unreasonable delay of 27 months after joinder of issue (*Keating* v. *Smith*, 20 A D 2d 141). Beldock, P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.

■ EDWARD GOODELL et al., Copartners Doing Business as GOODELL & MOSS, Appellants, v. ROSLYN PINES, INC., Defendant, and CARMINE MARTUCCI, Doing Business as RENAISSANCE COUNTRY CLUB, et al., Respondents.— In an action to recover damages for breach of contract, in which the amended complaint pleads two causes of action — the first against the corporate defendant and the second against the individual defendants, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County, entered August 22, 1961, as granted the motion of the individual defendants to dismiss the second cause of action on the ground that it fails to state facts sufficient to constitute a cause of action (former Rules Civ. Prac., rule 106, subd. 4). Order modified by striking out from its second decretal paragraph the provision directing the Clerk to enter judgment, and by substituting therefor a provision granting to the plaintiffs leave to serve a second amended complaint pleading *de novo* a cause of action against the individual defendants. As so modified, order, insofar as appealed from, affirmed, without costs. The plaintiffs' time to serve the second amended complaint, if so advised, is extended until 20 days after entry of the order hereon. Under the circumstances here, plaintiffs should be accorded an opportunity to serve a second amended complaint pleading *de novo* any cause of action which they may have against the individual defendants. Kleinfeld, Acting P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.

■ In the Matter of VINCENT CAPICOTTI, Respondent, v. BENJAMIN CAPICOTTI, Appellant.— In a proceeding by the plaintiff in a negligence action pending in the City Court of the City of White Plains, to remove the action to the Supreme Court and to serve an amended complaint increasing the damages claimed, the defendant in said action appeals from an order of the Supreme Court, Westchester County, dated January 16, 1963, which granted the petitioner's application. Order reversed, on the facts and in the exercise of discretion, without costs; and application denied. In our opinion, the combination of the petitioner's unreasonable delay in bringing this removal proceeding after full knowledge of the alleged extent of his injuries, and the petitioner's failure to connect or relate the alleged loss of employment to the alleged injuries, precluded the granting of the instant application. Moreover, the injuries set forth in petitioner's bill of particulars as plaintiff, dated November 12, 1960, are substantially the same as those set forth in the medical affidavit submitted in support of the instant application; such injuries fail to support the conclusion that inadequate damages might be available in the court of original jurisdiction. Beldock, P. J., Hill and Rabin, JJ., concur; Christ and Brennan, JJ., dissent and vote to affirm the order on the ground that, under all the circumstances disclosed by this record, the Justice at Special Term properly exercised his discretion.